IN THE UNITED STATES DISCRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher Howard, on behalf of himself and others similarly situated, | |
| Plaintiffs, | |
| v. | No. |
| Four Partners Petroleum, Inc., Hamlin Citgo, Inc., Suhail Assaf, Salim l/n/u, Hussain l/n/u, Mark l/n/u, South Chicago Gas, Inc., and Mohamed Mohsin, | Judge |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, on behalf of himself and similarly situated others, through his counsel, Deanne Medina and Nick Bedenk of COMMUNITY ACTIVISM LAW ALLIANCE, seeks redress against Defendants Four Partners Petroleum, Inc., Hamlin Citgo, Inc., Suhail Assaf, Salim l/n/u, Hussain l/n/u, Mark l/n/u, South Chicago Gas, Inc., and Mohamed Mohsin, for violations of the Fair Labor Standards Act, Illinois Minimum Wage Law Act, the Illinois Wage Payment and Collection Act, and the Chicago Minimum Wage Ordinance, and states as follows:

### Introduction

The owners and managers of Four Partners Petroleum, Inc. ("Four Partners"), Hamlin Citgo, Inc. ("Hamlin"), and South Chicago Gas, Inc. ("South Chicago") are responsible for willfully engaging in acts of wage theft against their employees. As alleged herein, Defendants have stolen from their employees by refusing to pay overtime, refusing to comply with state and city minimum wage requirements, and refusing to pay Plaintiff Christopher Howard his final paycheck for hours worked. Plaintiff now brings suit on behalf of himself and similarly situated

others to vindicate their rights and hold Defendants to account for their repeated acts of wage theft in violation of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL") the Illinois Wage Payment and Collection act ("IWPCA") and the Chicago Minimum Wage Ordinance ("CMWO").

## Jurisdiction

1. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## Venue

2. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district and because the Defendants are located, reside, or do business in this judicial district. *See* 28 U.S.C. § 1391(b).

## Parties

**Plaintiff**

3. During the course of his employment, Plaintiff Christopher Howard ("Howard"):

    a. has handled goods that move in interstate commerce;

    b. was employed by Defendants as an "employee" within the meaning of §3(e) of the FLSA, 29 U.S.C. §203(e), §3(d) of the IMWL, 820 ILCS 105/3(d), and §2 of the IWPCA, 820 ILCS 115/2, and covered employees of Defendants within the definition of §1-24-010 of the Municipal Code of Chicago;

    c. resides in and is domiciled in this judicial district.

**Defendants**

4. Within the relevant time period, ~~upon information and belief,~~ Defendants have done business as Amstar Fuel & Mini Mart, Mobil Fuel and Mini Mart, and Go Lo Fuel Market, and have acted in coordination in the management and operation of these facilities.

5. Within the relevant time period, Defendant Hamlin Citgo, Inc.:

    a. has been a corporation organized under the laws of the State of Illinois;

    b. has done business as Amstar Fuel & Mini Mart within this judicial district;

    c. has been an "enterprise" as defined by Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), and is engaged in commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

    d. has had two or more employees who have handled goods which have moved in interstate commerce; and

    e. was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(a), (d), §3(c) of the IMWL, 820 ILCS 105/3(c) §2 of the IWPCA, 820 ILCS 115/2, and §1-24-010 of the Municipal Code of Chicago.

6. Within the relevant time period, upon information and belief, Defendant Suhail Assaf:

    a. Has been the President of Hamlin Citgo, Inc.;

    b. Operates within this judicial district and within the State of Illinois;

    c. Among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiffs, to authorize payment of wages to Plaintiffs, to sign on the company's checking accounts, including any payroll accounts, and to participate

in any decisions regarding the operation of the business and employment policies and practices;

d. Was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(a), (d), §3(c) of the IMWL, 820 ILCS 105/3(c), §2 of the IWPCA, 820 ILCS 115/2, and §1-24-010 of the Municipal Code of Chicago;

7. Within the relevant time period, upon information and belief, Defendant Salim l/n/u:

   a. Has been a Manager or Supervisor of Hamlin, Four Partners and South Chicago;

   b. Operates within this judicial district and within the State of Illinois;

   c. Among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiffs, to authorize payment of wages to Plaintiffs, to sign on the company's checking accounts, including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

   d. Was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(a), (d), §3(c) of the IMWL, 820 ILCS 105/3(c), §2 of the IWPCA, 820 ILCS 115/2, and §1-24-010 of the Municipal Code of Chicago.

8. Within the relevant time period, upon information and belief, Defendant Hussain l/n/u:

   a. Has been a Manager or Supervisor of Four Partners;

   b. Operates within this judicial district and within the State of Illinois;

   c. Among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiffs, to authorize payment of wages to Plaintiffs, to sign on the company's checking accounts, including any payroll accounts, and to participate

in any decisions regarding the operation of the business and employment policies and practices;

d. Was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(a), (d), §3(c) of the IMWL, 820 ILCS 105/3(c), §2 of the IWPCA, 820 ILCS 115/2, and §1-24-010 of the Municipal Code of Chicago

9. Within the relevant time period, upon information and belief, Defendant Mark l/n/u:

   a. Has been a Manager or Supervisor of Four Partners;

   b. Operates within this judicial district and within the State of Illinois;

   c. Among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiffs, to authorize payment of wages to Plaintiffs, to sign on the company's checking accounts, including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

   d. Was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(a), (d), §3(c) of the IMWL, 820 ILCS 105/3(c), §2 of the IWPCA, 820 ILCS 115/2, and §1-24-010 of the Municipal Code of Chicago

10. Within the relevant time period, Defendant Four Partners Petroleum, Inc.:

    a. has been a corporation organized under the laws of the State of Illinois;

    b. has done business as Go Lo Fuel Market within this judicial district;

    c. has been an "enterprise" as defined by Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), and is engaged in commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

   d. has had two or more employees who have handled goods which have moved in interstate commerce; and

   e. was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(a), (d), §3(c) of the IMWL, 820 ILCS 105/3(c) §2 of the IWPCA, 820 ILCS 115/2, and §1-24-010 of the Municipal Code of Chicago.

11. Within the relevant time period, Defendant South Chicago Gas, Inc.:

   a. has been a corporation organized under the laws of the State of Illinois;

   b. has done business as Mobil Fuel and Mini Mart within this judicial district;

   c. has been an "enterprise" as defined by Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), and is engaged in commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

   d. has had two or more employees who have handled goods which have moved in interstate commerce; and

   e. was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(a), (d), §3(c) of the IMWL, 820 ILCS 105/3(c) §2 of the IWPCA, 820 ILCS 115/2, and §1-24-010 of the Municipal Code of Chicago.

12. Within the relevant time period, upon information and belief, Defendant Mohamed Mohsin:

   a. Has been the Owner of South Chicago Gas, Inc.;

   b. Has been the Owner of Four Partners Petroleum, Inc.;

   c. Operates within this judicial district and within the State of Illinois;

   d. Among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiffs, to authorize payment of wages to Plaintiffs, to sign on the

      company's checking accounts, including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

  e. Was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(a), (d), §3(c) of the IMWL, 820 ILCS 105/3(c), §2 of the IWPCA, 820 ILCS 115/2, and §1-24-010 of the Municipal Code of Chicago

### Factual Allegations

13. Hamlin Citgo, Inc. is located at 3759 West Chicago Avenue, Chicago, Illinois, 60651.

14. South Chicago Gas, Inc. is located at 8903 South Chicago Avenue, Chicago, Illinois, 60617.

15. Four Partners Petroleum, Inc. is located at 8605 South Halsted Street, Chicago, Illinois, 60620.

16. Hamlin, South Chicago, and Four Partners work together in the operation of their businesses by sharing employees, supplies, and management structure.

17. Salim l/n/u ("Salim") is a supervisor who works primarily at Hamlin and helps coordinate the operation of Hamlin, South Chicago, and Four Partners from that location.

18. Mark l/n/u ("Mark") is a supervisor at Four Partners and coordinates business decisions with Salim and Hussain.

19. Hussain l/n/u ("Hussain") is a supervisor at Four Partners and coordinates business decisions with Salim and Mark.

**Hamlin Location**

20. On, or about, May 2nd, 2017, Christopher Howard ("Howard") applied for employment at the Hamlin location.

21. Howard was hired by Salim at the Hamlin location.

22. Salim informed Howard that he would be working at the South Chicago location.

**South Chicago Location**

23. Howard began working at South Chicago on, or about, May 11, 2017, at a rate of $10.00 per hour, paid in cash.

24. Howard had a set schedule where he worked seven days per week, regularly working ten hours or more per day.

25. Howard complained to Salim about the working conditions and requirements at South Chicago, including the need to travel to the Hamlin location to get supplies for the South Chicago location.

26. Salim offered Howard the option to transfer to the Four Partners location, which Howard accepted.

**Four Partners Location**

27. Howard began working at the Four Partners location on, or about, July 24, 2017.

28. Howard continued to work a set schedule of seven days per week, regularly working ten hours or more per day.

29. During the course of his employment, Howard regularly worked in excess of forty hours in a work week, often working more than 75 hours per work week.

30. Howard did not receive overtime pay for hours worked in excess of forty in a work week.

31. Howard asked Salim about receiving overtime pay and was told by Salim that Howard is paid in cash, so that management could avoid paying overtime pay.

32. On September 18, 2017, Howard's wallet was stolen from his workplace by another co-worker.

33. Howard was scheduled to be paid for the period of September 11, 2017 through September 17, 2017 on September 18, 2017, but did not receive payment.

34. On September 19, 2017, Howard asked Mark for the pay he was owed and Mark told him that the money would be available on September 20, 2017.

35. On September 19, 2017, Howard left work early, because he became upset when he was made aware that a co-worker stole his wallet.

36. On September 20, 2017, Howard was terminated from his employment by Hussain and Mark, because Howard left work early on September 19, 2017.

37. On September 20, 2017, Howard asked Mark for the money he was owed for working September 11, 2017 through September 19, 2017 and Mark told him he would receive it soon.

38. On September 21, 2017, Howard sent a text message to Mark and again asked him for final payment for hours worked.

39. Mark responded by stating that another co-worker, "Tt," claimed Howard and "Tt" entered into an agreement that Howard's pay would go to "Tt."

40. Howard clarified to Mark that he expected any money owed to Howard by Defendants should be paid directly to Howard.

41. Howard never received final payment for hours worked.

42. From May 2, 2017 to September 20, 2017, Defendants frequently failed to pay Plaintiff and other workers the minimum wage and appropriate overtime premium pay as required by the FLSA, IMWL, and the Chicago Minimum Wage Ordinance ("CMWO").

43. As a result of Defendants' payment scheme, Plaintiff and other workers were not paid one-and-a-half times their regular hourly rate for all hours worked in excess of forty in a workweek.

## COLLECTIVE ALLEGATION

44. Plaintiff seeks to prosecute the case on behalf of current and former employees of Defendants who were not compensated for all time worked and suffered unauthorized deductions from their pay.

45. Plaintiff and other similarly situated current and former employees in the asserted collective regularly were not paid for all hours actually worked.

46. At all times material to this Complaint, Defendants failed to comply with the FLSA in that Plaintiff and those similarly situated performed services for Defendants for which no provision was made by Defendants to pay Plaintiff and similarly situated employees for the correct amount of time actually worked.

47. Defendants have encouraged, permitted, and required Plaintiff and similarly situated others to work without properly paying them for all time worked.

48. Plaintiff brings the FLSA claim as a collective action under 29 U.S.C. § 216(b).

49. There are other current and former employees within the asserted collective during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted collective so that all claims may be resolved efficiently in a single proceeding.

50. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

51. Plaintiff will fairly and adequately represent and protect the interests of the collective.

52. Plaintiff's counsel is competent and experienced in litigating wage and hour class collective actions.

### COUNT I
### Unpaid Overtime
### Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.
### as to Plaintiff Howard, on behalf of himself and all
### those similarly situated

53. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

54. At various times alleged above, Defendants directed Plaintiff Howard and similarly situated others to work, and Plaintiff Howard and similarly situated others, in fact, did work in excess of forty (40) hours in individual workweeks.

55. Plaintiff Howard and similarly situated others were not exempt from the overtime provisions of the FLSA.

56. Plaintiff Howard and similarly situated others were entitled to be paid overtime wages at the premium rate of one and one-half times their regular hourly pay rate for all time worked in excess of forty (40) hours, in individual workweeks.

57. Defendants did not pay Plaintiff Howard and similarly situated others for all time worked in excess of forty (40) hours worked in individual workweeks.

58. Defendants' failure to pay Plaintiff and similarly situated others overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

59. Defendants' violations of FLSA were willful, as evidenced by the fact that Plaintiff Howard asked to be paid overtime and was told by Defendant Salim that the reason employees were paid in cash was to avoid paying overtime.

60. Defendants' willful conduct constitutes a violation of the FLSA within the meaning of 29 U.S.C. §255(a).

61. Because of these willful violations, the class members are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit.

62. As a result of these violations, Plaintiff Howard and similarly situated others suffered damages in the form of lost wages.

63. Defendants are jointly and severally liable.

64. Due to Defendants' FLSA violations, Plaintiff Howard alleges on behalf of the members of the proposed class of employees that they have suffered damages and are entitled to recover from Defendants the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b) and to order the Defendants to produce all records of all hours worked by Plaintiff Howard and the proposed class of employees of all compensation received by them for the time period from May 2, 2017 to September 20, 2017.

WHEREFORE, Plaintiffs make the following prayer for relief pursuant to 29 U.S.C. §216(b):

    a. Certification of this case as a collective action pursuant to 29 U.S.C. §216(b);

    b. All unpaid overtime owed to Plaintiffs;

    c. Liquidated damages in an equal amount;

    d. That the Court declare that Defendants violated the FLSA;

    e. That the Court enjoin Defendants from violating the FLSA;

    f. Reasonable attorneys' fees and costs as permitted by the FLSA; and

    g. All other relief this court may deem just and proper.

**COUNT II**
**Unpaid Overtime**
**Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 et seq.**
**As to Plaintiff Howard**

65. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

66. Defendants directed Plaintiff Howard to work, and Plaintiff Howard, in fact, did work in excess of forty (40) hours in individual work weeks.

67. Plaintiff Howard was not exempt from the overtime provisions of the IMWL.

68. Plaintiff Howard was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

69. Defendants' failure to pay Plaintiff Howard one and one-half times his regular hourly pay rate for those hours worked in excess of 40 hours, was a violation of the IMWL.

70. Defendants' violations of the IMWL were willful, as evidenced by the fact that Plaintiff Howard asked to be paid overtime and was told by Defendant Salim that the reason employees were paid in cash was to avoid paying overtime.

71. As a result of these violations, Plaintiff Howard suffered damages in the form of lost wages.

72. Pursuant to 820 ILCS 105/12(a), Plaintiff Howard is entitled to recover unpaid overtime wages for all of his time employed with Defendants.

73. Defendants are jointly and severally liable.

WHEREFORE, Plaintiff Howard makes the following prayer for relief pursuant to 820 ILCS 105/12(a):

a. All unpaid overtime owed to Plaintiff Howard;

b. Liquidated damages to be calculated at trial;

c. That the Court declare that the Defendants have violated the IMWL;

d. That the Court enjoin Defendants from violating the IMWL;

e. Reasonable attorneys' fees and costs as provided by the IMWL; and

f. All other relief this court may deem just and proper.

## COUNT III
### Unpaid Overtime
### Chicago Minimum Wage Ordinance (CMWO), Municipal Code of Chicago §1-24 et seq.
### As to Plaintiff Howard

74. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

75. The matters set forth in this Count arise from Defendants' violation of the overtime wage provisions of the CMWO.

76. Defendants directed Plaintiff Howard to work, and Plaintiff Howard did, in fact, work in excess of forty (40) hours in individual work weeks during his employment with Defendants.

77. Plaintiff Howard was not exempt from the overtime wage provisions of the CMWO.

78. Defendants violated Municipal Code §1-24-040 by failing to compensate Plaintiff Howard for all time worked in excess of forty (40) hours in individual work weeks at time and a half at least the minimum wage mandated by the CMWO.

79. Pursuant to CMWO §1-24-110, Plaintiff Howard is entitled to recover unpaid overtime.

   WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

   a. A judgment in the amount of all overtime wages due to Plaintiff as provided by the CMWO;

   b. Liquidated damages in the amount equal to three times the unpaid overtime wages;

   c. That the Court declare that Defendants have violated the CMWO;

   d. That the Court enjoin Defendants from violating the CMWO;

   e. Reasonable attorneys' fees and costs of this action as provided by the CMWO, §1-24-110; and

   f. Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Unpaid Minimum Wage**
**Chicago Minimum Wage Ordinance, Municipal Code of Chicago §1-24 et seq.**
**As to Plaintiff Howard**

~~56.~~80. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

81. From July 1, 2016 until June 30, 2017, the Chicago minimum wage was $10.50 per hour.

82. At various times alleged above, Plaintiff Howard worked for less than $10.50 per hour while within the geographic boundaries of the City of Chicago.

83. Defendants failed to pay Plaintiff Howard at least $10.50 per hour for all hours worked within Chicago between July 1, 2016 and June 30, 2017, in violation of Chicago Municipal Code §1-24-020.

84. After July 1, 2017, the Chicago minimum wage was $11.00.

85. Defendants failed to pay Plaintiff Howard at least $11.00 per hour for all hours worked within Chicago after July 1, 2017, in violation of §1-24-020.

86. As a result of these violations, Plaintiff Howard suffered damages in the form of lost wages.

87. Defendants are jointly and severally liable.

WHEREFORE, Plaintiff makes the following prayer for relief pursuant to Municipal Code of Chicago §1-24-110:

   a. All unpaid wages owed to Plaintiff;

   b. Liquidated damages in twice that amount;

   c. That the Court declare that Defendants have violated the Chicago Minimum Wage Ordinance;

   d. That the Court enjoin Defendants from violating the Chicago Minimum Wage Ordinance; and

   e. All other relief this court may deem just and proper.

### COUNT IV
**Unpaid Wages**
**Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq.**
**As to Plaintiff Howard**

88. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

89. At various times alleged above, Defendants failed to pay Plaintiff Howard his wages for hours worked.

90. As alleged above, Plaintiff Howard was not paid for hours worked from September 11, 2017 through September 19, 2017.

91. Defendants' failure to pay Plaintiff Howard wages owed violates 820 ILCS 115/4.

92. As a result of these violations, Plaintiff suffered damages in the form of lost wages.

93. Defendants are jointly and severally liable.

WHEREFORE, Plaintiff makes the following prayer for relief pursuant to 820 ILCS 115/14(a):

a. All unpaid wages owed to plaintiff;

b. Liquidated damages to be calculated pursuant to 820 ILCS 115/14(a);

c. That the Court declare that Defendants have violated the IWPCA;

d. That the Court enjoin Defendants from violating the IWPCA;

e. Reasonable attorneys' fees and costs as permitted by the IWPCA; and

f. All other relief this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all claims for which a jury trial is available.

Respectfully submitted,

/s/Deanne S. Medina
Plaintiffs' Attorney

Deanne Medina
Atty No. 6273485
Nick Bedenk
Atty No. 6323623
**Community Activism Law Alliance**
17 North State Street, Suite 1380, Chicago, IL 60602
(312) 999-0056

deanne@calachicago.org
nick@calachicago.org